NO. _____

| | | |
|---|---|---|
| ANA MORENO | § | IN THE DISTRICT COURT OF |
|    *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KEURIG DR PEPPER INC., | § | |
| DPS HOLDINGS INC. D/B/A DR. | § | |
| PEPPER SNAPPLE HOLDINGS INC. | § | |
| KROGER TEXAS, L.P. AND | § | |
| KROGER CO. | § | |
|    *Defendant.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANA MORENO**, hereinafter called "Plaintiff," complaining of and about **KEURIG DR PEPPER INC., DPS HOLDINGS INC. D/B/A DR PEPPER SNAPPLE HOLDINGS INC. KROGER TEXAS, L.P. and KROGER CO.**, hereinafter called "Defendants," and for cause of action would show unto the Court the following:

**I. DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process of Texas Rule of Civil Procedure 169 because the amount in controversy is over $200,000 but not more than $1,000,000.

**II. VENUE AND JURISDICTION**

2. The Court has jurisdiction over the Defendants because Defendants are a Texas Corporation and/or are doing business in Texas. This Court also has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits of this Court.

3. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code 15.002(a)(1) because a substantial part of the events or omissions giving rise

**EXHIBIT 5**

to the present claims occurred in Harris County, Texas.

### III. PARTIES AND SERVICE

4.  Plaintiff, **ANA MORENO**, is an individual whose residency is the State of Texas.

5.  Defendant, **DPS HOLDINGS, INC. D/B/A DR PEPPER SNAPPLE HOLDINGS, INC.**, is a Texas corporation, and may be served through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6.  Defendant, **KEURIG DR. PEPPER INC.** is a corporation licensed to do business in the State of Texas and may be served through its registered agent, C T Corporation, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

7.  Defendant **KROGER CO.** is a registered Texas Corporation that may be served with process through its registered agent, Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

8.  Defendant **KROGER TEXAS L.P.** is a corporation registered to do business in the State of Texas and may be served through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701

### IV. JURISDICTION AND VENUE

9.  The subject matter in controversy is within the jurisdictional limits of this Court.

10. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### V. FACTS

11. On or about October 6, 2019, Plaintiff entered Defendant Kroger Co and/or Kroger Texas L.P.'s store named "Kroger" to purchase groceries. Plaintiff was walking to the check-out counter when an employee for Dr. Pepper drove a pallet jack over Plaintiff's foot,

**EXHIBIT 5**

injuring Plaintiff.

12. Defendant Dr. Pepper was servicing Kroger Defendants' grocery supply when the incident occurred.

## VI. DEFENDANT KROGER CO. AND KROGER TEXAS L.P. NEGLIGENCE

13. At all times material hereto, Defendant, Kroger Co. and Kroger Texas L.P. ("Kroger Defendants"), owed a duty of ordinary care to Plaintiff as an "invitee," the breach of which proximately caused the damages set forth herein.

14. Kroger Defendants, Defendants' agents, servants, and/or employees had *actual knowledge* of the dangerous condition of which it failed to make safe or warn Plaintiff prior to the injury-incident made the basis of this lawsuit.

15. Kroger Defendants owned, occupied, and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition.

16. Plaintiff was an invitee who entered Kroger Defendants' premises with Kroger Defendants' knowledge and for Defendants' benefit. Kroger Defendants had a duty to either warn Plaintiff of this unreasonably dangerous condition or make the unreasonably dangerous condition reasonably safe. Kroger Defendants breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

17. In the alternative, Defendant, Kroger Co. and Kroger Texas L.P., Defendant's agents, servants, and/or employees had *constructive knowledge* of the dangerous condition which it would have discovered upon reasonable inspection.

EXHIBIT 5

18. At all times pertinent herein, Defendant, Kroger Co. and Kroger Texas L.P., Defendant's agents, servants, and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff.

## VII. DEFENDANT DR. PEPPER'S NEGLIGENCE

19. At the time of the occurrence in question, Dr. Pepper Defendants, committed the following acts of negligence, each or which is a separate act of negligence and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

    A. failure to watch for patrons in store while delivering products;

    B. failing to maintain a safe work environment;

    C. failing to provide adequate warning to Plaintiff of the dangerous conditions;

    D. failing to implement adequate safety policies and procedures;

    E. violations of applicable rules, regulations, and standards;

    F. vicarious liable for the act(s) and omission(s) of their employee(s) and agent(s); and

    G. other acts deemed negligent and grossly negligent.

20. At all times material to this cause of action, Defendant Dr. Pepper was negligent in its hiring, training, supervision, and retention of their employee. In hiring Dr. Pepper Employee, who would interact with the public, Defendant Dr. Pepper owed a duty to Plaintiff, to carefully select, train and supervise its employees. Moreover, where those employees, including Dr. Pepper Employee, failed to carry out their job duties in a careful and prudent manner, Defendant Dr. Pepper had an obligation to remove those employees from such a position. Defendant's failure to discharge those duties are a direct and proximate cause of the damages suffered by Plaintiff in this incident.

EXHIBIT 5

21. As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe injuries to her body which resulted in physical pain, and mental anguish. Plaintiff has sustained severe pain, physical impairment, discomfort, and mental anguish and distress. Defendants are liable as Defendants' negligence and/or gross negligence proximately caused Plaintiff's injuries.

## VIII. DEFENDANTS' LIABILITY VIA RESPONDEAT SUPERIOR

22. At the time of the incident in question and immediately prior thereto, Defendants' employees were acting within the course and scope of their employment for Defendant.

23. At the time of the incident in question and immediately prior thereto, Defendant's employees were engaged in the furtherance of Defendants' business.

24. At the time of the incident in question and immediately prior thereto, Defendants' employees were engaged in accomplishing a task for which the Defendants' employees were employed.

25. Plaintiff invokes the doctrine of Respondeat Superior against Defendants.

## IX. PLAINTIFF'S DAMAGES

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ANA MORENO, has incurred the following damages:

    A. Past and future medical care expenses;

    B. Past and future physical pain and suffering;

    C. Past and future mental anguish;

    D. Past and future physical impairment;

    E. Loss of earnings in the past; and

    F. Past and future disfigurement.

27. By reason of the above, Plaintiff, ANA MORENA, has suffered losses and damages

EXHIBIT 5

in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ANA MORENO, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

McCARTHY & ASSOCIATES, PLLC

By: _/s/ Jeffrey McCarthy_
**Jeffrey R. McCarthy**
State Bar No. 24073548
Email: jeff@mclawtx.com
**Michael Takla**
State Bar No. 24106488
Email: mike@mclawtx.com
602 Sawyer Street, Suite 201
Houston, Texas 77007
Tel:   713-300-8304
Fax:   877-862-4826
E-service:  service@mclawtx.com

**ATTORNEYS FOR PLAINTIFF(S)**

**EXHIBIT 5**