IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA MORENO, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>KEURIG DR. PEPPER INC., §<br>DPS HOLDINGS INC. D/B/A §<br>DR. PEPPER SNAPPLE HOLDINGS §<br>INC., KROGER TEXAS, L.P. and §<br>KROGER CO. §<br>*Defendants* §<br>§ | C.A. NO. 4:21-CV-2665 |

## **PLAINTIFF'S UNOPPOSED MOTION TO REMAND**

TO THIS HONORABLE UNITED STATES JUDGE CHARLES ESKRIDGE

COMES NOW ANA MORENO (hereafter referred to as "Plaintiff") Plaintiff, pursuant to 28 U.S.C. § 1447(c) moves this Court for an order remanding this action to 152nd District Court of Harris County, on the grounds of absence of complete diversity. In support of this motion Plaintiff shows as follows:

### I. **AUTHORITIES**

A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a)only when the federal court has original jurisdiction. *Caterpillar, Inc. V. Williams,* 481 U.S. 386,392 (1987). Under 28 U.S.C. § 1332, federal districts court shave original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000. and the action is between citizens of different states. The presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Gasu v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Congress permitted diversity jurisdiction to prevent local prejudices against out of state defendants. *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir.

1968). To counteract any gamesmanship, Congress also included that removal is improper "if none of the parties in interest properly joined and served as defendants are citizens of the state in which such action is brought." The forum-defendant rule in § 1441(b) is merely one example indicating that Congress disfavors removal. *Am. Fire & Case. Co. v. Finn,* 341 U.S. 6, 10 (1951). Given removal's disfavor, federal removal statues are strictly construed against the exercise of removal jurisdiction. *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006).

28. U.C. Code §1332 provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has ***its principal place of business****…"* 28. U.C. Code §1332 (emphasis added).

## II. ARGUMENTS

1. *Defendant Keurig Dr Pepper's Headquarters is in Texas.*

There is not complete diversity of citizenship between Plaintiff and Defendants in this lawsuit thus the Court lacks jurisdiction over the lawsuit. Defendant Keurig Dr. Pepper, Inc. is not a foreign corporation. In fact, their main headquarters, as filed with the Texas Secretary of State, is in Plano, Texas.[1]

Per Defendant's most recent SEC 10-K filing, Defendant's corporate headquarters are in Plano, Texas.[2] In fact, a simple google search of Keurig Dr Pepper headquarters would yield numerous articles describing the move from Frisco, Texas to Plano, Texas for the new headquarters and bolstering its spectacular view of the Dallas Cowboys Stadium, a National Football League team owned by Jerry Jones and representing, none other than, Dallas, Texas.[3]

---

[1] Exhibit "A"

[2] Exhibit "B" It should be noted that a portion of the Defendant's 10-k filing of 2020 was taken. The rest may be found at: https://www.sec.gov/ix?doc=/Archives/edgar/data/1418135/000141813521000005/kdp-20201231.htm#i4e002ac394c34074b07ec2df1e1fbbfe_25.

[3] Exhibit "C" Article from PR Newswire.

Further, Defendant Keurig Dr Pepper, Inc. attempted to remove another case, Civil Action No. 3:19-cv-00004 *Veronica Ortiz vs Target Corporation et. Al.* Plaintiff provided that Defendant Keurig Dr Pepper Inc had its headquarters in Plano, Texas. Defendant Keurig Dr Pepper, represented by the same counsel as situated herein, did not oppose the motion to remand to state court.[4]

Further, on Keurig Dr Pepper's website it lists two corporate headquarters, one in Massachusetts and other in Frisco Texas.[5] It is quite apparent that Keurig Dr Pepper's headquarters are in Texas.

Finally, In Keurig Dr Pepper Inc.'s Omnibus Stock Incentive Plan of 2019, restated as of December 7, 2020, Defendant used the governing law of the State of Texas with competent jurisdiction in Collin County, Texas. It also included a mandatory arbitration clause in Collin County, Texas.[6]

### 2. *Defendant DPS Holdings DBA Dr Pepper Snapple's Headquarters is in Texas.*

There is not complete diversity of citizenship between Plaintiff and Defendants in this lawsuit thus the Court lacks jurisdiction over the lawsuit. Defendant DPS HOLDINGS DBA Dr Pepper Snapple. is not a foreign corporation. In fact, its main headquarters, as filed with the Texas Secretary of State, is in Plano, Texas.[7]

Further, Defendant DPS HOLDINGS DBA Dr Pepper Snapple also attempted to remove another case, Civil Action No. 3:19-cv-00004 *Veronica Ortiz vs Target Corporation et. Al.* Plaintiff provided that Defendant Keurig Dr Pepper Inc had its headquarters in Plano, Texas. Defendant DPS HOLDINGS DBA Dr Pepper Snapple, represented by the same counsel

---

[4] Exhibit "D" Plaintiff's Unopposed Motion to Remand.
[5] Exhibit "E"
[6] Exhibit "F"
[7] Exhibit "F"

as situated herein, did not oppose the motion to remand to state court.[8]

Plaintiff is a resident of the State of Texas. Similarly, Defendant DPS HOLDINGS DBA Dr Pepper Snapple is a Texas resident. The parties are on opposite sides of the litigation. Since "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen" this case should be remanded back down to the 11th District Court of Harris County. *Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996). In order for the Court to exercise jurisdiction based upon diversity of citizenship, all plaintiffs must be citizens of different states than all defendants, this is not the case in the lawsuit before the Court. Plaintiff respectfully requests this Court to remand this lawsuit to the 152nd District Court of Harris County.

### III. CONCLUSION

For all the foregoing reasons, this Court should grant this Motion; remand this case in its entirety to the 152nd District Court of Harris County, Texas and grant any and all relief that this Court deems reasonable and appropriate under the circumstances.

Respectfully submitted,

McCARTHY & ASSOCIATES PLLC

By: */s/Jeffrey McCarthy*
**Jeffrey McCarthy**
Federal Bar No. 2870993
Email: jeff@mclawtx.com
602 Sawyer Street, Suite 201
Houston, Texas 77007
Tel:   713-300-8304
Fax:   713-588-8865

**ATTORNEYS FOR PLAINTIFFS**

---

[8] Exhibit "D" Plaintiff's Unopposed Motion to Remand.

## CERTIFICATE OF CONFERENCE

On September 15, 2021 I held an telephone conference with Scott Breitenwischer Counsel for Defendant Keurig Dr. Pepper, DPS Holdings DBA Dr Pepper Snapple Holdings, Inc., to see whether Defendant would stipulate to the proposed amendments herein. Defendants are unopposed to the motion.


Date: September 22, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on the September 22, 2021, a true and correct copy of the above and foregoing has been served to all counsel of record.

                                                                          */s/Jeffrey McCarthy*
                                                                          Jeffrey McCarthy